IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HARD DISK DRIVE SUSPENSION ASSEMBLIES ANTITRUST LITIGATION<br><br>This Order Relates to:<br>ALL CASES | Case No. 19-md-02918-MMC<br>MDL No. 2918<br><br>**ORDER SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE; DIRECTIONS TO PARTIES; DIRECTIONS TO CLERK** |

On October 8, 2019, the Judicial Panel on Multidistrict Litigation ("JPML") transferred to this Court for coordinated or consolidated pretrial proceedings four actions, each of which alleges defendants engaged in a conspiracy to fix, raise, maintain, or stabilize the price of hard disk drive suspension assemblies sold in the United States. On October 17, 2019, the JPML transferred an additional fourteen such actions. In addition, eight actions alleging similar claims have been filed in this District and are appropriate for coordinated or consolidated pretrial proceedings with the above-referenced transferred actions. As the number and complexity of these actions warrant holding a single, coordinated initial case management conference for all actions in In re: Hard Disk Drive Suspension Assemblies Antirust Litigation, the Court orders as follows:

1. APPLICABILITY OF ORDER: Prior to the initial case management conference and entry of a comprehensive order governing all further proceedings in this multi-district ("MDL") proceeding, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the JPML. This Order also applies to all related actions filed in all divisions of the Northern District of California and all "tag-along actions" later filed in, removed to, or transferred to this Court.

2. COORDINATION: The civil actions transferred to this Court or related to the actions already pending before this Court are coordinated for pretrial purposes only. Any "tag-along actions" later filed in, removed to, or transferred to this Court, or directly filed in the Northern District of California, will automatically be related to this action without the necessity of future motions or orders. This coordination does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure. To facilitate the efficient coordination of cases in this matter, all parties to this action shall notify the JPML of other potential related or "tag-along" actions of which they are aware or become aware.

3. DATE OF INITIAL CASE MANAGEMENT CONFERENCE: Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial case management conference to be held on **Friday, November 15, 2019, at 9:00 a.m.,** in Courtroom 7, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical and just resolution of this litigation.

**By November 8, 2019**, the parties shall file a joint case management statement advising the Court as to the status of all litigation pending in this MDL matter, as well as the status of all potential tag-along cases. The statement shall also advise the Court of the steps the parties have taken to preserve relevant evidence, including electronically stored information. Counsel shall be prepared at the initial conference to answer questions from the Court regarding the written submission, litigation status and evidence preservation.

The statement shall also contain a brief section indicating the parties' preliminary

understanding of the facts involved in the litigation and the critical factual and legal issues.  The comments in such section will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.  The statement shall also identify any pending motions in each case comprising the instant MDL proceeding.  The statement shall also list all related cases pending in state or federal court (that have not already been transferred to this Court), together with their current status, including any discovery taken to date, to the extent known.

4. INITIAL CONFERENCE APPEARANCES: Each party shall appear at the initial case management conference through the party's attorney who will have primary responsibility for the party's interest in this litigation.  By designating an attorney to represent the party's interest at the conference, a party will not be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

5. RESPONSE EXTENSION AND STAY: Defendants are granted an extension of time for responding by motion or answer to the complaints until a date to be set by this Court.  Pending the initial case management conference and further orders of this Court, all outstanding discovery proceedings are stayed.  Moreover, any pending motion must be re-noticed for hearing before the Court.  Any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect unless modified by this Court upon application.

6. MASTER DOCKET FILE: The Clerk of the Court will maintain a master docket case file under the caption <u>In re: Hard Disk Drive Suspension Assemblies Antitrust Litigation</u>, Case No. 19-md-02918 MMC, and the identification of "MDL No. 2918."

7. FILING: Each attorney of record is obligated to become a Northern District of California ECF User and be assigned a user ID and password for access to the system. If he or she has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's website at www.cand.uscourts.gov/cm-ecf.

All documents shall be e-filed in the master file, No. 19-md-02918 MMC. When a filed document is intended to apply to all actions, such intent shall be indicated by the words: "This Document Relates to All Cases." When a filed document is intended to apply to fewer than all actions, the docket number of each individual case to which the document relates shall appear immediately after the words "This Document Relates to." Documents that pertain to one action or only some of the actions shall also be e-filed in the individual case(s) to which the documents pertain. When counsel files a document applicable only to a specific action or actions, counsel shall not "spread" such filings to the other component actions when presented with that option during the electronic case filing process.

8. DOCKETING NEW CASES: When, after the date of this Order, an action that properly belongs as part of In re: Hard Disk Drive Suspension Assemblies Antitrust Litigation is filed in the Northern District of California or is transferred here from another court, the Clerk of this Court shall:

    a. File a copy of this Order in the separate file for such action; and

    b. Make an appropriate entry on the master docket sheet.

9. APPEARANCES: Counsel who are not admitted to practice before the Northern District of California must file an application to be admitted pro hac vice. See Civil L.R. 11-3. The requirement that pro hac vice counsel retain local counsel, see Civil L.R. 11- 3(a)(3), is waived and does not apply to this MDL action.

10. PRESERVATION OF EVIDENCE: All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action, including electronically stored information. Any evidence preservation order previously entered in any of the transferred actions shall remain in full force and effect until further order of the Court. Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation. Counsel, as officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of their preservation obligations.

11. NO FILING OF DISCOVERY REQUESTS: In accordance with Rule 5(d)(1) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to chambers, except to the extent needed in connection with a motion.

12. LIAISON COUNSEL: Prior to the initial case management conference, counsel for all parties shall, to the extent they have not already done so, confer regarding whether this case would benefit from the selection of a candidate for the position of liaison counsel who will be charged with essentially administrative matters and, if so, who that candidate should be and what the duties should be.

13. DISCOVERY AND PROTECTIVE ORDER: Counsel should be prepared to discuss at the Initial Case Management Conference mechanisms for coordinating discovery efforts. Counsel shall also be prepared to discuss a stipulated protective order and, if possible, present one to the Court for its consideration.

**IT IS SO ORDERED.**

Dated: October 29, 2019

MAXINE M. CHESNEY
United States District Judge